**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**John Joe ARRELLANO, Defendant-Appellant.**

**No. 86–5075.**

United States Court of Appeals, Ninth Circuit.

Dec. 30, 1987.

Barry Ted Moskowitz, and Bruce R. Castetter, San Diego, Cal., for plaintiff-appellee.

Ezekiel E. Cortez, San Diego, Cal., for defendant-appellant.

Before NELSON, HALL and KOZINSKI, Circuit Judges.

### ORDER

The panel grants the petition for rehearing in part and amends the opinion reported at 812 F.2d 1209 as follows.

Slip op. at 5, line 7 [page 1211, column 1, second line of quoted jury instructions]:

> Replace "United States in Mexico" with "United States to Mexico."

Slip op. at 5, following quoted material ending with "committed with the firearm," [page 1211, top of column 2], add the following two indented paragraphs to the quoted jury instructions:

> In order to find the defendant guilty, you and each of you must find beyond a reasonable doubt that the defendant had at least one of those three mental states when he transported the firearm from the United States to Mexico.
>
> And to clarify that just one little bit further. You have to unanimously agree on which of the three elements, if you find one, two or all three elements, whatever you find, you must be in agreement, all twelve of you must agree.

Slip op. at 6, first full paragraph, line 6 [page 1211, column 2, last paragraph, second sentence]:

> Replace the second sentence, beginning with "The jury," with "Since the jury gave no indication of its findings with respect to Arrellano's intent at that time, we must conclude that it did not resolve this issue."

Slip op. at 6, first full paragraph, lines 10–11 [page 1211, column 2, last paragraph, third sentence]:

> Replace ", not intending to commit a felony with it, but" with "while."

Slip op. at 6, first full paragraph, line 13 [page 1212, column 1, line 2]:

> Replace "do so" with "use it to commit a felony."

Slip op. at 6, footnote 2, line 7 [page 1212 n. 2, last sentence]:

> Replace the last sentence, beginning with the words "Here the," with "Here the jury made no finding as to intent, so we are unable to imply any finding as to conditional intent either."

Slip. op. at 8, first full paragraph, line 5 [page 1212, column 2, first full paragraph]:

> Add as a new sentence "On remand, he may either be immediately resentenced on the remaining counts or retried on the section 924(b) count and then resentenced.[5]"

Slip op. at 8 [page 1212], new footnote 5 should read:

> 5. Arrellano argues that the Double Jeopardy Clause bars retrial on the section 924(b) count, relying on *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Defendant's Oppo-

sition to Government's Petition for Rehearing at 7–11. We disagree. The Double Jeopardy Clause generally permits retrials of defendants whose convictions are reversed on appeal for reasons other than insufficiency of evidence. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed.2d 300 (1896). *Green* provides an exception to this general rule in cases in which the jury verdict at the first trial impliedly acquitted the defendant of the offense on which he was retried. The Court noted that a defendant should not be "forced to run the gantlet" a second time on a charge on which "the jury refused to convict him." In *Green*, the trial court instructed the jury that it could convict the defendant either of first-degree murder, or, alternatively, of the lesser included offense of second-degree murder. *Green*, 355 U.S. at 185–86, 189–90, 78 S.Ct. at 222–23, 224–25. The Court concluded that by choosing to convict the defendant of the lesser included offense, the jury impliedly acquitted him of the greater offense. *Id.* at 190–91, 78 S.Ct. at 225.

In this case, the trial court instructed the jury that it could convict Arrellano under section 924(b) if it found that he acted with any or all of the mental states enumerated in the statute. We are therefore unable to conclude whether the jury reached a verdict on the intent mental state or even considered each of the mental states. It was only required to reach unanimous agreement on one mental state to convict Arrellano. Because the jury did not make a specific finding on each mental state, we cannot infer acquittal from its silence.

The *Green* opinion also disclosed a second basis for the Court's decision: "the jury was dismissed without returning any express verdict on [the first-degree murder] charge and without Green's consent." *Id.* at 191, 78 S.Ct. at 225. Since the jury "was given a full opportunity to return a verdict" and "no extraordinary circumstances appeared which prevented" it from doing so, "established principles of former jeopardy" compelled the conclusion that retrial was barred because Green had been placed in jeopardy of conviction on the first-degree murder charge. *Id.* (citing *Wade v. Hunter*, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949)).

Arrellano, by contrast, was not placed in jeopardy of conviction on any count for which a verdict was not ultimately returned. To the contrary, he was convicted of every crime with which he was charged. Under the law as described to the jury, a finding that Arrellano had possessed the requisite intent would not have resulted in a conviction on a separate count distinct from the conviction on the "reasonable cause to believe" mental-state prong, and thus Arrellano was not exposed to any additional jeopardy of conviction under the intent prong. Since the jury returned an express verdict of guilty on every charge before it, *Green* is inapplicable, and the Double Jeopardy Clause does not bar retrial.

Slip op. at 8 [page 1212], last sentence: Change the final sentence pronouncing the judgment of the court to read "AFFIRMED IN PART, REVERSED IN PART, AND REMANDED."

In all other respects, the Petition for Rehearing is denied.